**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-340-S**

**DWAYNE RAY**                                                                                              **PLAINTIFF**

v.

**COMMONWEALTH OF KENTUCKY CORRECTIONS
DEPARTMENT OF MENTAL HEALTH**                                             **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Dwayne Ray filed a *pro se* complaint against the Commonwealth of Kentucky Corrections Department of Mental Health.[1]  Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the instant action will be dismissed.

**I.  SUMMARY OF CLAIMS**

As grounds for filing this action in federal court, Plaintiff writes, "Violations of Behavior Modification Device employed in Right Ear unconsently at Marion Adjustment Center Oct 2003, when nurse forced something down my ear channel unknow[]ing which has hampered life standards that governs a U.S. Citizen of constitution right of living by such standards."  In the body of the complaint and its attachments, Plaintiff, who has been released from incarceration, effectively alleges federal constitutional and various state-law violations as a result of an involuntary placement of a behavioral modification device in his ear while incarcerated in the

---

[1]Plaintiff lists the Commonwealth of Kentucky Corrections Department of Mental Health as the only Defendant in the caption.  Plaintiff attempts to name six additional defendants in the body of the complaint -- Marion Adjustment Center; Kentucky State Reformatory; Jamie; Glasrite Inc.; Trojan Staffing; and PMI.  Under Fed. R. Civ. P. 10(a), "In the complaint the title of the action shall include the names of all the parties. . . ."  Therefore, only the Commonwealth of Kentucky Corrections Department of Mental Health is the only properly named Defendant.

Kentucky Department of Corrections. Plaintiff claims that a "host" controls Plaintiff's actions through the behavior modification device. As relief, Plaintiff asks the Court to (1) exercise justice; (2) compensate him for emotional and mental distress and for personal mental injuries and loss of time caused by the device; (3) compensate "employibility from Jan. 2007 - June 2007 and between times of unemployment"; and (4) investigate claim that the device was left in his ear to set him up to return to prison.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light

most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

Plaintiff sues the Commonwealth of Kentucky Corrections Department of Mental Health. The Eleventh Amendment[2] acts as a bar to all federal claims for relief against this Defendant.  A state and its agencies, such as Defendant, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it.  *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984);

---

[2]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

*Alabama v. Pugh*, 438 U.S. 78l, 782 (l978).³ Plaintiff has referenced no federal law under which either the Commonwealth of Kentucky has waived its immunity or Congress has overridden the state's immunity. Consequently, the Court will dismiss the federal claims against the Commonwealth of Kentucky Corrections Department of Mental Health.

Additionally, the Court will dismiss all claims (state and federal) as frivolous. *See Neitzke*, 490 U.S. at 325 (advising that a claim is legally frivolous when it lacks an arguable basis either in law or in fact).

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.005

---

³*See also Thompson v. Mich. Dep't of Corr.*, No. 01-1943, 2002 WL 22011, at *1 (6th Cir. Jan. 2, 2002) ("The district court properly found no claim stated against several of the defendants, including: the Michigan Department of Corrections, which is entitled to Eleventh Amendment immunity.") (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 101-02 & n.11); *Reid v. State of Tennessee*, No. 94-6199, 1995 WL 619964, at *1 (6th Cir. Oct. 20, 1995) ("Eleventh Amendment immunity extends to the Tennessee Department of Corrections, as a judgment against it would restrain the state from acting or compel it to act.").